**CYNDEE L. PETERSON**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine Street, 2nd Floor
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOUGLAS WOODCOCK,<br><br>Defendant. | CR 21-17-GF-BMM<br><br>**UNITED STATES'**<br>**SENTENCING MEMORANDUM** |

## POSITION OF THE UNITED STATES

The United States has reviewed the Probation Office's presentence report in this matter and does not dispute the calculation of the Sentencing Guideline range. As described more fully below, the United States believes that a consideration of

1

the applicable sentencing factors pursuant to 18 U.S.C. § 3553 warrants a sentence within the advisory Sentencing Guideline range of 97 to 121 months incarceration, along with ten years of supervised release. The United States also requests the Court order the Defendant to pay victims a total of $36,000 in restitution.

## A. NATURE AND CIRCUMSTANCE OF THE OFFENSE

In early December 2019, the Montana Internet Crimes Against Children Task Force (ICAC) determined the Defendant accessed child pornography. Officers searched his Great Falls residence and seized devices including the Defendant's Samsung Galaxy cell phone. During the search, officer interviewed the Defendant at the Sheriff's Office. The Defendant admitted he started viewing child pornography about a year earlier. He said that he viewed it daily and that he had viewed it that day. The Defendant said he obtained it through a torrent website (typing in "child pornography"), described what he viewed and estimated he had about 50 short videos on his phone. The Defendant said he would typically download it, watch it and delete it. (PSR ¶¶ 9-10.)

The Defendant's cell phone was searched. Even though the Defendant stated that he routinely deleted the child pornography after he viewed it, the examiner and an agent located over one thousand files depicting child pornography. The ages of the children engaged in sexually explicit conduct ranged from toddlers to teens. The

Defendant downloaded and viewed child pornography files that depicted the sexual abuse of infants, bondage, torture, bestiality, and other sadistic material involving children. Many of the files depicted graphic violence and contained references to violence in the file names. The examiner determined that the images and videos had been viewed. (PSR ¶¶ 11-12.)

The Defendant's child pornography collection is very disturbing. For examples, one photo collage of 11 images is captioned: "Childpussy should always be tortured! Your pedo cum comes first – Hurt em!" An image within that collage depicts a nude one-year old with her panties at her ankles, a plastic bag on her head, and the word "rape" written on her stomach. Another example shows an approximately four-year-old child with bruising on her face, a penis with ejaculate dripping from her mouth and the word "bitch" written on her forehead. Other examples include a naked prepubescent child with a knife held to her throat; a three-year old girl bound by ropes and crying as an adult defecates on her throat; children penetrated by animals; and anal penetration of small children with foreign objects. The images the Defendant sought and viewed are simply horrifying. (PSR ¶ 12.)

/ / /

/ / /

## B. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The Defendant is 41 years old, is not married and has no children. (PSR ¶¶ 43-47.) He is healthy with no serious medical issues. (PSR ¶¶ 48-51.) The Defendant has no substance abuse issues. (PSR ¶¶ 53-55.) He does not have a high school diploma or GED. (PSR ¶ 56.) The Defendant has worked consistently for the past decade. (PSR ¶¶ 57-59.) The Defendant has no significant assets and does not have the ability to pay a fine within the Sentencing Guidelines range. (PSR ¶¶ 60-63.)

## C. SERIOUSNESS OF THE OFFENSE, PROMOTION OF RESPECT FOR THE LAW, AND PROVISION OF JUST PUNISHMENT

Receipt and possession of child pornography is a serious offense that causes grave harm to the children depicted in the images. The videos possessed by the Defendant depict prepubescent children subjected to horrific sexual abuse by adults including sexual intercourse, anal sex, oral sex, and masturbation. The harm to children depicted in child pornography was recognized years ago by the United States Supreme Court in *New York v. Ferber*, 458 U.S. 747, 758 (1982). In *Ferber*, the Supreme Court noted that, in the judgment of state and federal legislators, as well as authors of relevant literature, "the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child." *Ferber*, 458 U.S. at 758 (citations omitted). The *Ferber* court

4

also observed that the "[pornographic] materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *Id.* at 759 (citation omitted). Furthermore, the court stated:

> Pornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt [the victim] in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography… It is the fear of exposure and the tension of keeping the act secret that seem to have the most profound emotional repercussions.

*Id*. at 759 & n. 10 (citations omitted). *See also Osborne v. Ohio*, 495 U.S. 103, 109-10 (1990) (reaffirming *Ferber* in case involving possession of child pornography). In 2002, the United States Supreme Court again acknowledged the harm to victims depicted in child pornography and observed that a new harm is caused each time the images are shared with someone different. *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 249 (2002). In *Free Speech Coalition*, the court noted that "as a permanent record of a child's abuse, the continued circulation itself would harm the child who had participated. Like a defamatory statement, each new publication of the speech would cause new injury to the child's reputation and emotional well-being." *Id*. at 249.

As to additional sentencing factors for this court to consider, there is a strong need to promote respect for the law through an adequate punishment. As noted above, Defendant downloaded and possessed videos of children subjected to sexual abuse, re-victimizing each minor depicted therein with each viewing of the abuse they endured. As to a provision of just punishment, the United States submits that the applicable Sentencing Guideline range of 97 to 121 months incarceration is an appropriate punishment, along with ten years of supervised release.

**D. THE NEED TO DETER FUTURE CRIMES AND TO PROTECT THE PUBLIC**

Based on the nature of Defendant's crime and conduct, there is a compelling need to deter future similar conduct by him and other like-minded individuals with an interest in child pornography. There is also a strong need to stop the supply and demand in the child pornography market to protect all minor victims from being re-victimized through the repeated viewing of the sexual abuse they endured and to prevent new minors from being victimized for the camera. In this case, the Defendant actively sought out the worst-of-the-worst child pornography from the internet. The material that the Defendant wanted contained graphic violence and the torture of very small children. Real children were tortured and raped in these images and videos because individuals, like the Defendant, seek out these files.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that Defendant be sentenced to a term of imprisonment of 97 to 121 months incarceration consistent with the Sentencing Guidelines and § 3553 factors. The United States also seeks ten years of supervised release.

DATED this 28th day of December, 2021.

                                            LEIF M. JOHNSON
                                            United States Attorney

                                            */s/ Cyndee L. Peterson*
                                            CYNDEE L. PETERSON
                                            Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2021, a copy of the foregoing document was served on the following persons by the following means:

  __1, 2__   CM-ECF
  ____   Hand Delivery
  ____   Mail
  ____   Overnight Delivery Service
  ____   Fax
  ____   E-Mail

1. Clerk, United States District Court

2. Rachel Julagay
Federal Defenders of Montana
Great Falls, Montana
Counsel for the Defendant

 

*/s/ Cyndee L. Peterson*
Assistant U.S. Attorney
Attorney for Plaintiff